UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIBSON,<br><br>       Plaintiff,<br><br> -v-<br><br>BURNETT, *et al.*,<br><br>       Defendants. | No. 22-CV-1122 (KMK)<br><br>ORDER |

KENNETH M. KARAS, District Judge:

  Plaintiff David Gibson ("Plaintiff") brings this Action pro se under 42 U.S.C. § 1983. (*See generally* Am. Compl.) On April 24, 2024, the Court issued Order of Service directing the U.S. Marshals Service to complete service on the named Defendants and directing the New York State Attorney General (the "AG") to ascertain the identity of Defendant "[Sergeant] Edgmond John Doe" and provide Plaintiff with that information within sixty days of the Order. (Dkt. No. 55.) Plaintiff was then directed to file a Second Amended Complaint within sixty days of receiving that information, (*id.*), which the AG provided to Plaintiff on June 24, 2024, (Dkt. No. 57). Plaintiff failed to file his Second Amended Complaint by August 23, 2024 (i.e., within sixty days after receiving the additional information from the AG). (*See* Dkt.)

  On October 15, 2024, the Court issued an Order directing Plaintiff to show cause by no later than November 14, 2024, as to why he had not waived his right to file a Second Amended Complaint. (Dkt. No. 68.) The Court also ordered that Defendants' time to answer or move with respect to the Amended Complaint was stayed until this issue was resolved. (*Id.* at 2.) As of the date of this Order, Plaintiff has not responded to the Order to Show Cause, filed a Second Amended Complaint, or otherwise communicated with the Court. (*See* Dkt.)

"[I]t is within the sound discretion of the district court to grant or deny leave to amend" a complaint. *Rodriguez v. Town of Ramapo*, 412 F. Supp. 3d 412, 430 (S.D.N.Y. 2019) (quoting *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009)). "A district court has direction to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.* (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (noting that a court should deny leave to amend "in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party").

Because Plaintiff was given numerous opportunities to amend his Complaint and failed to do so, and in so doing repeatedly failed to comply with this Court's Orders, the Court concludes that Plaintiff will no longer be granted leave to file a Second Amended Complaint. *See Satcom Intern. Grp. PLC v. ORBCOMM Intern. Partners, L.P.*, No. 98-CV-9095, 2000 WL 729110, at *23 (S.D.N.Y. June 6, 2000 (noting leave to amend may be denied "after an inordinate delay [and where] no satisfactory explanation is made for the delay").

Accordingly, it is hereby:

ORDERED that Plaintiff has waived his right to file a Second Amended Complaint. *See* Fed. R. Civ. P 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave."). The Amended Complaint, (Dkt. No. 12), is deemed the operative Complaint in this Action. Defendants are directed to answer or move with respect to the Amended Complaint by January 17, 2025.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED:    December 17, 2024
               White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE